IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10863

Summary Calendar
_____


AMOS POLLARD,

                                        Plaintiff-Appellant,

versus

CITY OF DALLAS, TEXAS, doing business as Dallas Convention Center,
                                        Defendant-Appellee.


_____

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:96-CV-7-D
_____

February 12, 1999

Before HIGGINBOTHAM, JONES, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

     Amos Pollard, an electrician whom the City of Dallas

dismissed, appeals the entry of summary judgment against him.[1]  The

          [*]   Pursuant to Fifth Circuit Rule 47.5, the court has
determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in Fifth
Circuit Rule 47.5.4.

          [1]Pollard contends that the district court abused its
discretion by allowing the City to file a second motion for summary
judgment, subsequently granted, within 45 days of trial.  Local
Rule 56.1, however, provides that "[u]nless otherwise directed by
the presiding judge, no motion for summary judgment shall be filed
within 45 days of trial." Thus, the district court acted well
within its discretion.

only claim Pollard seeks to resuscitate on this appeal alleges that the City violated his due process rights, cognizable under 42 U.S.C. § 1983.  A municipality cannot be liable for § 1983 violations under a theory of respondeat superior or vicarious liability.  See, e.g., Collins v. Harker Heights, 503 U.S. 115, 122 (1992).  Pollard must thus establish that this deprivation occurred pursuant to an official municipal policy or as a result of a persistent, widespread practice.  See Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984).  He has offered no evidence to support this contention, and summary judgment was thus proper on the § 1983 claim.  Any remaining claims are waived by Pollard's failure to brief them.

AFFIRMED.